986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Patricia K. SULCER, Plaintiff-Appellant,
v.
Robert F. DAVIS, Hilton Melot, the Citizen Band Potawatomi
Indian Tribe of Oklahoma and John A. Barrett, Jr.,
Defendants-Appellees,
and
James A. Barrett, Jr. and James Young, Defendants.
 No. 92-6079.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1993.
 
 1
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 WESLEY E. BROWN, Senior District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Plaintiff-appellant Patricia K. Sulcer brought an action in tribal court against members of the Citizen Band Potawatomi Indian Tribe Business Committee after she was terminated from her position as Director of the Communications Department and newspaper editor. The tribal court concluded it lacked jurisdiction on grounds of sovereign immunity. She then commenced this action in federal district court against the committee members and the tribe, alleging her termination was in violation of tribal law and the Indian Civil Rights Act (ICRA), 25 U.S.C. §§ 1301-1341, because it was without cause or due process, and because the business committee members lacked authority to terminate her. She asserted that the federal district court had jurisdiction under the ICRA, 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. §§ 1983 and 1985, and requested damages, back pay, and front pay or, alternatively, reinstatement.
 
 
 6
 The district court concluded that the tribe was entitled to sovereign immunity, that plaintiff failed to show the individual defendants acted outside the scope of their authority when they terminated her and they were therefore protected by sovereign immunity, and that the tribal court correctly determined it lacked jurisdiction over plaintiff's action. Plaintiff challenges these rulings. We review de novo a dismissal for lack of subject matter jurisdiction. Bank of Okla. v. Muscogee (Creek) Nation, 972 F.2d 1166, 1168-69 (10th Cir.1992). We affirm.[1]
 
 I. Indian Civil Rights Act
 
 7
 The Supreme Court held in Santa Clara Pueblo v. Martinez, 436 U.S. 49, 59 (1978), that the ICRA did not waive the sovereign immunity that Indian tribes enjoy. Thus, the district court correctly held that it had no jurisdiction over the ICRA claim against the tribe.
 
 
 8
 A tribal officer is entitled to sovereign immunity if his actions are within the scope of his authority. Tenneco Oil Co. v. Sac & Fox Tribe of Indians, 725 F.2d 572, 576 (10th Cir.1984) (McKay, J., concurring) (citing Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 695 (1949)). The defendant business committee members are immune from suit under the ICRA in federal court if the action they took that resulted in plaintiff's termination was within the scope of their authority. However, even if they are not protected by sovereign immunity, there is no cause of action against them under the ICRA in federal court. Santa Clara Pueblo, 436 U.S. at 72. See also Wheeler v. Swimmer, 835 F.2d 259, 261 (10th Cir.1987) ("The only federal relief available under the Indian Civil Rights Act against a tribe or its officers is a writ of habeas corpus.").
 
 
 9
 Plaintiff, relying on Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribes, 623 F.2d 682 (10th Cir.1980), cert. denied, 449 U.S. 1118 (1981), argues that because the tribal forum has been denied to her, she is entitled to seek relief in federal court. We disagree. We held in Dry Creek Lodge that the plaintiffs could maintain an action in federal court against a tribe under the ICRA notwithstanding sovereign immunity. Id. at 685. This exception has been narrowly construed to apply only where the dispute does not concern internal tribal affairs, the plaintiff is a non-Indian, and tribal remedies have actually been denied to the plaintiff. Nero v. Cherokee Nation, 892 F.2d 1457, 1460 (10th Cir.1989). The fact that plaintiff is a non-Indian and was denied access to the tribal forum is insufficient under Dry Creek Lodge because the dispute here involves a matter of internal tribal affairs. See id. n. 5 ("tribal sovereign immunity may preclude federal court jurisdiction over non-Indian complaints brought under the ICRA even if tribal remedies are unavailable."). The district court correctly dismissed the ICRA claim against the committee members.
 
 II. Section 1331
 
 10
 Plaintiff contends that the tribal court improperly dismissed her action on jurisdictional grounds because it was the proper forum "to vindicate rights created by the ICRA." Santa Clara Pueblo, 436 U.S. at 65. National Farmers Union Insurance Cos. v. Crow Tribe of Indians, 471 U.S. 845, 853 (1985), held that federal courts have jurisdiction under 28 U.S.C. § 1331[2] to determine "whether a tribal court has exceeded the lawful limits of its jurisdiction." This is because the question whether a tribal court has power to compel a non-Indian to submit to its jurisdiction "must be answered by reference to federal law and is a 'federal question' under § 1331." 471 U.S. at 852 (footnote omitted).[3] "[I]n cases encompassing the federal question whether a tribal court has exceeded its lawful limits of jurisdiction involving an exercise of civil subject-matter jurisdiction ... the federal district court is empowered to review a tribal court decision under 28 U.S.C. § 1331." Superior Oil Co. v. United States, 798 F.2d 1324, 1329 (10th Cir.1986).
 
 
 11
 Sovereign immunity is a jurisdictional issue. Nero, 892 F.2d at 1459 n. 2. However, after reviewing the proceedings before the tribal court, we conclude that review is not available under § 1331. The tribal court did not exceed the lawful limits of its civil subject matter jurisdiction but rather refused to exercise jurisdiction. Further, there is no indication that plaintiff alleged any claim under the ICRA in tribal court. Thus, we are not presented with the question whether the ICRA waives a tribe's sovereign immunity in tribal court. Resolution of the sovereign immunity question in the tribal court was limited to deciding whether the business committee members exceeded their authority under tribal law. The jurisdiction issue did not arise under federal law. Jurisdiction under § 1331 is not involved.
 
 III. Section 1343
 
 12
 Plaintiff argues that the federal court had jurisdiction under 28 U.S.C. § 1343 because she pled a cause of action under 42 U.S.C. § 1985. Section 1343(a)(4) provides jurisdiction when a person alleges a claim "under any Act of Congress providing for the protection of civil rights."
 
 
 13
 Section 1985(3), the subsection on which we presume plaintiff is relying, creates no independent substantive cause of action. Wheeler, 835 F.2d at 261. Rather, plaintiff must "point to independent substantive rights enforceable in the federal courts to state a claim under section 1985(3)." Id. at 262. Plaintiff asserts that 42 U.S.C. § 1983 applies to her. We disagree.
 
 
 14
 [N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law.... As the purpose of 42 U.S.C. § 1983 is to enforce the provisions of the fourteenth amendment, it follows that actions taken under color of tribal law are beyond the reach of § 1983, and may only be examined in federal court under the provisions of the Indian Civil Rights Act.
 
 
 15
 R.J. Williams Co. v. Fort Belknap Hous. Auth., 719 F.2d 979, 982 (9th Cir.1983) (citations omitted), cert. denied, 472 U.S. 1016 (1985). The federal court did not have jurisdiction under § 1343.
 
 
 16
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Defendants have moved to strike certain documents that were attached to plaintiff's brief and references thereto in her brief on the ground that the documents were not part of the record before the district court. Having received no objection from plaintiff, and having reviewed the record and finding no indication that these documents were submitted to the district court, we grant the motion. We will disregard these attachments and the references to them in plaintiff's brief. See In re Inspection of Norfolk Dredging Co., 783 F.2d 1526, 1532 n. 7 (11th Cir.), cert. denied, 479 U.S. 883 (1986)
 
 
 [2]
 This section provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."
 
 
 [3]
 While the Court also held that the question of tribal court jurisdiction must first be decided by the tribal court, 471 U.S. at 855, here there is no question that tribal court remedies have been exhausted